*1188 TEXTO COMPLETO DE LA SENTENCIA
El Banco Popular apela de una sentencia del Tribunal de Primera Instancia, anterior Tribunal de Distrito, Sala de Caguas, que le impuso responsabilidad por el despido de Isaac Ramos Ríos bajo la Ley de Despidos Injustificados de Puerto Rico, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A sees. 185a y ss. Revocamos.
I
Surge de los autos que Ramos trabajó para el Banco Popular en calidad de oficial desde el 1 de febrero de 1989 hasta el 29 de julio de 1993, en que fue despedido. AI momento de su despido, tenía a su cargo la Sucursal de Trujillo Alto-Pueblo. Su supervisora inmediata era la Sra. María del Pilar González. Entre el 24 de mayo y el 14 de junio de 1993, se ausentó de su trabajo por vacaciones. Lo sustituyó la Sra. Lourdes Burgos, quien el 16 de junio de 1993, le informó de ciertas irregularidades y deficiencias en el funcionamiento de la sucursal. El 22 de junio de 1993, la Sra. González fue a la sucursal a entregarle un memorando en el cual se recogió la conversación habida entre él y Burgos.
Ramos, sin embargo, se negó a firmarlo. Según González, se dirigió a ella en un tono "arrogante e irónico". Exposición Narrativa de la Prueba ("E.N.P."), pág. 4. González entonces se comunicó con la Sub-Gerente de la Sucursal de Trujillo Alto con el propósito de que ésta le sirviera de testigo para la entrega del memorando. Se informó del incidente al superior inmediato de la Sra. González, Miguel Ripol.
El 12 de julio de 1993, se reunieron Ramos, la Sra. González, el Sr. Ripol y Marta Santiago, del Departamento de Recursos Humanos del Banco, para discutir lo acontecido en cuanto a la entrega del memorando del 22 de junio de 1993. Se le señalaron a Ramos varios de los problemas que estaban ocurriendo en la sucursal, se discutió el memorando, y se le exhortó a mejorar su actitud y a ayudar en el funcionamiento de la sucursal. Finalmente, se preparó un memorando relacionado con la reunión.
El 28 de julio de 1993, la Sra. González intentó entregarle a Ramos dicho memorando. Nuevamente, éste se negó a firmar el mismo. Además, de acuerdo a la Sra. González la actitud de Ramos hacia ella fue de "arrogancia y falta de respeto”. E.N.P., pág. 6. Ramos testificó "no recordar" lo que le expresó a la Sra. González en esa ocasión, pero indicó , que había sido "sofisticado".
En consecuencia, el Banco despidió a Ramos el 29 de julio de 1993 por violación a la Norma Núm. 23 de su Manual de Normas, copia del cual se le había entregado a Ramos, y que prohíbe faltarle el respeto, y no observar una conducta correcta hacia el supervisor. Ramos demandó al Banco por alegado despido injustificado bajo la Ley Núm. 80. El Tribunal de Instancia declaró con lugar la demanda, y condenó al Banco al pago de $3,215.40. De dicho dictamen ha apelado el Banco. Alega que el despido fue justificado y que en consecuencia es improcedente la imposición de responsabilidad en este caso.
II
La Ley Núm. 80 dispone que un empleado contratado por tiempo indeterminado que es despedido sin justa causa tiene derecho a recibir de su patrono una indemnización de un mes de salario, y de una semana de salario por cada año completo de servicio para el patrono. 29 L.P.R.A. sec. 185a.
En términos generales, existe justa causa para el despido cuando éste no es caprichoso o irrazonable. Se entiende por justa causa aquella que tiene su origen en la ordenada marcha, y en el buen y normal funcionamiento de la empresa. Véase Srio. del Trabajo v. I.T.T., 108 D.P.R. 536, 543 *1189 (1979).
Un examen de los autos nos persuade que el despido de Ramos no fue injustificado. Este ocupaba una posición de supervisión. Su conducta es incompatible con la operación normal del establecimiento. En dos (2) ocasiones distintas se negó a acusar recibo de unos documentos o memorandos que conforme a la prueba aportada, meramente recogían el contenido de conversaciones en las que él mismo había participado. Al hacerlo, se dirigió a la Sra. González de manera arrogante e irrespetuosa.
No es irrazonable para la empresa documentar las conversaciones que tienen lugar entre sus empleados y el personal de supervisión. De ahí que no haya sido impropio para el Banco esperar que el empleado firmara los memorandos, acusando recibo de los mismos. No hay indicios de que la Sra. González, supervisora de Ramos, se haya dirigido a éste de manera hostil. En estas circunstancias, no se justificaba el tono de arrogancia —o en palabras de Ramos, "sofisticado"— con el cual éste reaccionó y se dirigió a ella. Su conducta estaba contemplada por la regla que el Banco adujo para el despido.
Por ello discrepamos del razonamiento del Tribunal de Primera Instancia, para quien el despido estuvo injustificado porque en el manual de empleados no hay una definición de lo que constituye "faltar el respeto y no observar una conducta correcta hacia [el] supervisor". Para dicho tribunal, la norma incorporada en el manual es vaga, y deja en la mente del supervisor y/o patrono la interpretación de qué conducta equivale a una falta de respeto y conlleva el despido. Incidió.
Los manuales de personal no son códigos penales sujetos a estrictas normas de hermenéutica. Sirven para informar a los empleados de los aspectos más significativos del empleo y de las expectativas del patrono. Como tales, deben de interpretarse razonablemente. Desde este punto de vista, debió ser evidente para Ramos que la conducta que desplegó hacia su supervisora era inaceptable para la empresa y contraria al buen y normal funcionamiento y operación del establecimiento.
Finalmente, notamos que el acto que motivó el despido no fue aislado. En este sentido, el Banco cumplió con la Ley Núm. 80, bajo la cual, de ordinario, una sola ofensa no se considera justa causa para el despido. Véase Delgado v. Hospital, Op. de 5 de diciembre de 1994, 94 JTS 149, pág. 500, donde se consideró justificado el despido de un empleado que en una ocasión invitó a salir a su supervisora y en otra le bloqueó momentáneamente su salida del cuarto de baño a la par que le reiteró la invitación.
Por los fundamentos que anteceden, se revoca la sentencia.
NOTIFIQUESE.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General